No. 68,679

In The Matter of DONNA M. DILL, *Respondent.*

(845 P.2d 699)

Opinion filed January 22, 1993.

*Paula B. Martin,* deputy disciplinary administrator, argued the cause, and *Bruce E. Miller,* disciplinary administrator, was with her on the formal complaint for petitioner.

No appearance was made for respondent.

*Per Curiam*: This is an uncontested attorney disciplinary proceeding involving Donna M. Dill, an attorney licensed to practice law in Kansas. Respondent's last registered address with the Appellate Courts of Kansas is: 10976 Benson, Suite 380, Overland Park, KS 66210. It was later determined that the respondent's correct address is 4344 Goodson Way, Rohnert Park, CA 94927-1347. Respondent was sent a copy of the formal complaint at the California address, and a letter was received from the respondent dated May 21, 1992, acknowledging receipt of the complaint. Respondent, however, did not respond to the allegations of the complaint.

The complaint consisted of two counts:

## COUNT I

Donna M. Dill was retained by Laura M. Podolanko to represent her in a divorce action, *In the Matter of the Marriage of Laura M. Podolanko and John J. Podolanko,* Case No. 91-D-7, filed January 22, 1991, in the District Court of Jefferson County, Kansas. A trial was held on June 12, 1991. On July 2, 1991, a Journal Entry and Final Decree of Divorce was filed. Ms. Dill agreed to file a motion for reconsideration. Under K.S.A. 60-259(f), such a motion must be filed within 10 days after entry of judgment. Ms. Dill told Ms. Podolanko she had filed the motion.

On July 31, 1991, Ms. Podolanko contacted the Clerk of the District Court and learned the motion for reconsideration had not been filed. Ms. Podolanko then contacted Ms. Dill. Ms. Dill indicated to Ms. Podolanko that she had not filed the motion for reconsideration. Ms. Dill indicated to the client that she had

decided to file a different motion which could be filed within 30 days. On August 2, 1991, Ms. Dill filed a motion for modification, reconsideration, and hearing.

On August 14, 1991, Ms. Podolanko's former husband filed a motion in opposition to petitioner's request for modification, reconsideration, and hearing. Ms. Podolanko wished to file a response to the motion in opposition and prepared a written document which she delivered to Ms. Dill requesting that Ms. Dill make any necessary changes in form and/or content and file the response with the court. Ms. Dill agreed to perform this service. When Ms. Podolanko later inquired, Ms. Dill told her the response had been filed. A review of the court file indicated that no such response was filed.

A hearing was held on October 22, 1991. The judge denied the motion for reconsideration due, in part, to its being filed out of time.

## COUNT II

Subsequent to the divorce, Ms. Podolanko's former husband filed a motion for authority to sell the marital residence at a private sale and requested an expedited hearing. Ms. Podolanko opposed that motion and on her behalf Ms. Dill filed a response. The court ordered that the property be appraised and the cost of the appraisal equally divided between the parties. W. J. Stephenson, Jr., appraised the property. Ms. Podolanko gave a check to Mr. Stephenson in the amount of $200 but, prior to the check being cashed, stopped payment on it.

To collect the fee for his services, Mr. Stephenson filed suit in an action captioned *W. J. Stephenson, Jr. v. Laura A. Podolanko,* Case No. 91-C-73, in the district court of Jefferson County, Kansas. Ms. Podolanko was served on October 12, 1991, and took the summons and the petition to Ms. Dill. Ms. Dill agreed to contact Mr. Stephenson's attorney, Michael Gibbens, to attempt to settle the matter. When she was unable to reach Mr. Gibbens by the answer date, she agreed to file an answer and continue her attempts at settlement.

Ms. Dill failed to file the answer, and a default judgment was entered against her client. Thereafter, Mr. Gibbens garnished Ms. Podolanko's bank account. The sum of $300 was withheld

by the bank pursuant to the order of garnishment. Ms. Podolanko learned of this action when her bank account was overdrawn. Ms. Podolanko contacted Ms. Dill, who indicated she had filed the answer and would contact Mr. Gibbens to determine what had happened.

After Ms. Dill discussed the case with Mr. Gibbens, an agreement was reached, and Gibbens transmitted an order for release as garnishee to the court. A satisfaction of judgment was signed thereafter.

A hearing on the complaint was held on August 27, 1990. Although notice of the hearing had been sent to respondent's Kansas and California addresses, respondent failed to appear at the hearing either in person or by counsel.

After hearing testimony, the hearing panel concluded there was clear and convincing evidence that the respondent had violated the following rules:

1) MRPC 1.3 (1992 Kan. Ct. R. Annot. 248), in that respondent failed to act with reasonable diligence and promptness in representing a client.

2) MRPC 1.4 (1992 Kan. Ct. R. Annot. 251), in that respondent failed to keep a client reasonably informed about the status of a legal matter, and failed to promptly comply with reasonable requests for information from a client.

Prior to making its recommendation, the panel inquired whether there was any known evidence of aggravating or mitigating circumstances.

The Deputy Disciplinary Administrator presented evidence that one prior complaint had been filed against the respondent, resulting in an informal admonition by the Board for Discipline of Attorneys dated November 1, 1990.

There was no other evidence of aggravating or mitigating circumstances.

In its report, the hearing panel expressed concern about respondent's failure to respond to the complaint. The hearing panel recommended that respondent be suspended from the practice of law for one year.

The members of this court agree with the recommendation of the hearing panel.

IT IS THEREFORE BY THE COURT ORDERED that Donna M. Dill be suspended from the practice of law in Kansas for a period of one year, and she is hereby ordered to pay the cost of this proceeding forthwith and to comply with the provisions of Supreme Court Rule 218 (1992 Kan. Ct. R. Annot. 176).

IT IS FURTHER ORDERED that this order of suspension be published in the official Kansas Reports.