No. 69,289

In the Matter of DONNA M. DILL, *Respondent.*

(853 P.2d 696)

Opinion filed May 28, 1993.

*Martha M. Snyder,* deputy disciplinary administrator, argued the cause, and *Bruce E. Miller,* disciplinary administrator, and *Paula B. Martin,* special deputy disciplinary administrator, were on the formal complaint for the petitioner.

There was no appearance by respondent.

*Per Curiam:* This is an original proceeding in discipline filed by the Office of the Disciplinary Administrator against Donna M. Dill, formerly of Overland Park but whose present address is Rohnert Park, California. Ms. Dill is an attorney admitted to the practice of law in Kansas. Two separate complaints were filed against respondent which were consolidated for hearing before the Kansas Board for Discipline of Attorneys (Board) and before us.

## McNAUGHTON COMPLAINT

In complaint No. B5516, the hearing panel found that John McNaughton retained respondent to perform legal services for him and, in connection therewith, left various legal documents with her. Without informing Mr. McNaughton, respondent moved to California. Mr. McNaughton then retained another attorney, J. Patrick Flanigan, to represent him. Despite multiple requests by Mr. Flanigan to respondent seeking return of the client's file, the file was not returned. Respondent also ignored the Disciplinary Administrator's efforts to obtain the return of the file, and respondent has not responded to inquiries from that office.

## LOVEALL COMPLAINT

In complaint No. B5515, the hearing panel found that Mary Karen Loveall of Warsaw, Missouri, was seeking an attorney to represent her relative to obtaining disability benefits. A friend gave her respondent's name. Ms. Loveall had a telephone con-

versation with respondent in which respondent agreed to represent Ms. Loveall and requested that all pertinent documents and information be mailed to her. Ms. Loveall sent the information. After not hearing anything from respondent for several months, Ms. Loveall telephoned respondent's office and learned respondent had moved to California. Ms. Loveall then telephoned the California number the office had provided. Respondent stated she would refer Ms. Loveall to an attorney. Ms. Loveall has heard nothing further from respondent, and her file has not been returned. Efforts of the Office of the Disciplinary Administrator to secure the return of the file have been unsuccessful, and respondent has not responded to inquiries from that office.

From these facts the hearing panel concluded respondent had violated the following:

"1. MRPC 1.3 [1992 Kan. Ct. R. Annot. 248]—in that Respondent has failed to act with reasonable diligence and promptness in representing clients.

"2. MRPC 1.4 [1992 Kan. Ct. R. Annot. 251]—in that Respondent has failed to keep clients reasonably informed about the status of a legal matter and has failed to promptly comply with reasonable requests for information from a legal client.

"3. MRPC 1.16 [1992 Kan. Ct. R. Annot. 286]—in that (1) the Respondent has failed to terminate or withdraw from the representation of a client where the lawyer was discharged; or (2) the lawyer's conduct materially impaired the lawyer's ability to represent the clients.

"4. Supreme Court Rule 207 [1992 Kan. Ct. R. Annot. 160]—in that the Respondent has failed to cooperate with the Disciplinary Administrator's investigation of both of these cases."

We adopt the hearing panel's findings of fact and conclusions of law.

Respondent had previously received the discipline of informal admonition from the Board in a complaint dated November 1, 1990. Further, on January 22, 1993, respondent was suspended from the practice of law for one year for conduct similar to that shown herein. *In re Dill,* 252 Kan. 486, 845 P.2d 699 (1993). After noting these prior complaints, the hearing panel expressed its concern over respondent's failure to respond to client inquiries and to the complaints herein. No evidence of mitigating circumstances was presented. The hearing panel then recommended

that respondent be disbarred from the practice of law in Kansas. We agree with said recommendation.

IT IS THEREFORE ORDERED that Donna M. Dill be and she is hereby disbarred from the practice of law in the State of Kansas, and her license and privilege to practice law are hereby revoked.

IT IS FURTHER ORDERED that the Clerk of the Appellate Courts strike the name of Donna M. Dill from the roll of attorneys licensed to practice law in the State of Kansas.

IT IS FURTHER ORDERED that this order shall be published in the Kansas Reports, that the costs herein be assessed to respondent, and that respondent forthwith comply with Supreme Court Rule 218 (1992 Kan. Ct. R. Annot. 176).